THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
Heather Hamel (Ariz. Bar No. 031734)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834
benedetto@the-plf.com
hamel@the-plf.com

*Firm email for docketing purposes:*
admin@the-plf.com

*Attorneys for Plaintiffs Justina Hernandez, Jose Hernandez, Jose Hernandez Jr., Anna Hernandez, and Guadalupe Hernandez*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Justina Hernandez, on her own behalf; as the Personal Representative for the Estate of Decedent Alejandro Hernandez;[1] and as the wrongful death plaintiff under Arizona law;<br><br>Jose Hernandez, Jose Hernandez, Jr., Anna Hernandez, and Guadalupe Hernandez on their own behalfs,<br><br>Plaintiffs,<br><br>v.<br><br>City of Phoenix, an Arizona municipal corporation; and Trevin Janser, in his individual capacity;<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

For their Complaint against Defendants City of Phoenix and Trevin Janser, Plaintiffs

Justina Hernandez, Jose Hernandez, Jose Hernandez, Jr., Anna Hernandez, and Guadalupe

---

[1] Plaintiff Justina Hernandez is currently awaiting formal appointment as the Personal Representative Alejandro Hernandez's estate.

Hernandez, through undersigned counsel, hereby allege as follows:

## **OVERVIEW**

1.      On the morning of April 29, 2019, Phoenix police officer Trevin Janser, with the cover of a police vehicle and back-up of a team of officers, pointed his AR-15 assault rifle at 26-year-old Alejandro Hernandez, who was holding a plastic, toy gun.   Officer Jasner fired a series of rapid-succession shots into the young man's body.

2.      This is a section 1983 wrongful death action brought on behalf of Alejandro, who is the youngest son of Plaintiff Justina Hernandez.

## **PARTIES**

3.      Plaintiff Justina Hernandez is a married woman residing in Maricopa County, Arizona.   She is the surviving mother of the late Alejandro Hernandez, the Personal Representative of his Estate, and brings claims on his behalf.

4.      Plaintiff Jose Hernandez is a married man residing in Maricopa County, Arizona.  He is the surviving father of the late Alejandro Hernandez and brings claims on his own behalf.

5.      Plaintiff Jose Hernandez, Jr. is the older brother of the late Alejandro Hernandez.  At all times relevant to this complaint, he resided in Maricopa County, Arizona. He brings claims on his own behalf.

6.      Plaintiff Anna Hernandez is the older sister of the late Alejandro Hernandez. She resides in Maricopa County, Arizona and brings claims on her own behalf.

7.      Plaintiff Guadalupe Hernandez is the older sister of the late Alejandro.   She resides in Maricopa County, Arizona and brings claims on her own behalf.

8.      Defendant Trevin Janser is a police officer with the City of Phoenix Police Department.  Upon information and belief, he resides in Maricopa County, Arizona.  At all times relevant to the complaint, Defendant Trevin Janser was acting under the color of law, in furtherance of the interests of the City of Phoenix, and within the course and scope of his

employment.

9.     Defendant City of Phoenix (the "City") is a municipal corporation created under the laws of the State of Arizona.  The City is under a duty to run its law enforcement activities in a lawful manner to preserve the peace and to preserve for its citizens the rights, privileges, and immunities guaranteed and secured to them by the Constitutions and laws of the United States and the State of Arizona.

10.     The City has established or delegated to its law enforcement agency the responsibility for establishing and implementing policies, practices, procedures and/or customs used by law enforcement officers employed by the City regarding the investigation, detention, arrest, and public relations during law enforcement operations.

11.     Every act and omission of the employees, representatives, and agents of the Defendants detailed in this Complaint was performed under the color and pretense of the Constitutions, statutes, ordinances, regulations, customs, and uses of the United States of America, the State of Arizona, and the City of Phoenix, by their authority as sworn officers, and within the course and scope of their employment.

12.     Upon information and belief, there are currently unknown City of Phoenix employees who caused or contributed to Plaintiffs' injuries.  The identity and roles of these individuals are uniquely within the possession of the City of Phoenix and Plaintiffs will amend this complaint to add such responsible individuals upon discovery of their identities.

**JURISDICTION, AND VENUE**

13.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3)(4) and 1367(a). This Court has jurisdiction over Plaintiff's claims for violation of his civil rights under 42 U.S.C. § 1983 and pendent jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a).

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions that give rise to this action occurred within this District within one year of the

1   filing of the original Complaint, and this Court otherwise has jurisdiction.

2       15.    This case presents an actual case in controversy arising under the Fourth, and

3   Fourteenth Amendments to the United States Constitution, and under the provisions of 42

4   U.S.C. §§ 1983 and 1988.

5   **GENERAL ALLEGATIONS**

6   The Order of Protection

7       16.    For years prior to his April 29, 2019 shooting-death, Alejandro Hernandez

8   struggled with substance abuse.

9       17.    Alejandro was reluctant to voluntarily seek treatment for his chemical

10  dependency and his family sought the advice of police as to how they could require him to

11  obtain treatment.

12      18.    In May 2018, on the recommendation of police, Alejandro's sister, Anna,

13  filed for and obtained an order of protection.  This order, she understood, would allow police

14  to arrest her brother when he returned to the family home and require him to seek treatment

15  for his substance abuse.

16  The Shooting

17      19.    For months, Alejandro's family maintained boundaries with him in hopes that

18  it would encourage his recovery from substance abuse.  By April 2019, however, it became

19  clear that Alejandro's drug use was not subsiding.

20      20.    On April 29, 2019, Alejandro returned to his parents' east Phoenix home.

21  Following the family's plan, Anna called the Phoenix Police Department ("PPD") and

22  reported a violation of the order of protection.

23      21.    By the time the officers arrived, Alejandro had left.  The police interviewed

24  the family members on the front porch of the family home.  While there, an officer noticed

25  a man walking down a nearby street, wrapped in what appeared to be an old blanket.

26      22.    The officer pointed the strange man out and asked the family if that was

Alejandro.  Anna confirmed that it was, and before the officers left, Anna made sure to remind them, again, that Alejandro had likely been using drugs and may appear confused or erratic.

23.     An unknown Phoenix PD officer pursued Alejandro, who continued to walk slowly towards the canal area near North 35th Street and Roosevelt Road, and called for backup.

24.     Defendant Trevin Janser responded to the officer's call for backup.

25.     Defendant Janser drove his police vehicle down the canal roadway, and parked his vehicle.

26.     Janser and other Phoenix police officers began to yell commands at Alejandro who they observed to be holding something, instructing him to sit down and drop "whatever it is" he was holding.

27.     The officers continued to observe Alejandro, who eventually dropped the blanket he had wrapped around his torso to reveal a plastic toy gun, wrapped in tape and fabric, haphazardly attached to his shoulder with an old boxing hand wrap.

28.     At this point, Janser picked up his AR-15 assault rifle, observed Alejandro through an attached scope, and opened fire on Alejandro.

29.     As the bullet entered Alejandro's body, he doubled over, stumbling forward. When he attempted to straighten his back again, Officer Janser quickly fired four additional rounds in rapid succession.

30.     Alejandro fell to the ground, and laid there for almost an hour, slowly bleeding out.

<u>Phoenix PD Refuses to Notify the Family</u>

31.     Back at the Hernandez family home, Alejandro's parents and three siblings waited anxiously for news of what was happening.

32.     When they heard what sounded like gun shots ringing in the distance, Anna

left the home to investigate:  When she arrived at the scene of the shooting, no one would answer her questions or let her see her brother.

33.     When Anna returned home, there were two officers waiting for her there, and making sure that no other family members attempted to visit the scene.   These officers confirmed that Alejandro had been shot, but they refused to provide the family with any additional details.

34.     Hours passed, and Phoenix Police Officers refused to provide the family with any details about what was happening:  They didn't know that Alejandro had been shot, that medics had transported him to the hospital, or that Alejandro was dying just miles away from their home.

35.     With Phoenix Police Officers refusing to communicate, the family turned on the local news and learned that Alejandro had been shot and killed by Phoenix police.

36.     No one from the Phoenix Police Department – not even the officers posted at their home for hours – notified the Hernandez family of Alejandro's death before going to the media.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983—Excessive Force in Violation of the Fourth Amendment
*(Against Defendant Janser Only)*

37.     Plaintiff Justina Hernandez incorporates by reference all allegations asserted in the paragraphs above as though they were fully set forth herein.

38.     42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person, who under the color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

39.   Alejandro Hernandez was a citizen of the United States, and Defendant Trevin Janser is a "person" for the purposes of 42 U.S.C. § 1983.

40.   Defendant Trevin Janser was at all times relevant hereto, acting under the color of law, in his capacity as a City of Phoenix police officer.

41.   At the time of the above-mentioned, complained-of events, the Fourth Amendment to the United States Constitution clearly established Alejandro Hernandez's right to be secure in his person from unreasonable seizure through excessive force.

42.   Defendant Janser violated these rights when he shot and killed Alejandro Hernandez.

43.   Defendant Janser engaged in the above-described conduct willfully, maliciously, in bad faith, and in reckless disregard of Alejandro Hernandez's federally protected constitutional rights.

44.   The acts and omissions of Defendant Janser as described herein intentionally deprived Alejandro Hernandez of his constitutional and statutory rights, caused his death, as well as enormous pre-death pain and suffering as he lay dying from a gunshot.

45.   Defendant Janser is not entitled to qualified immunity for the complained-of unconstitutional and illegal conduct.

46.   As a proximate result of Defendant Janser's unlawful conduct, Alejandro suffered significant pain and suffering before his death, and Plaintiff Justina Hernandez suffered actual injuries, by and through the loss of her son, and other damages entitling her to damages in amounts to be determined at trial.

47.   Plaintiff Justina Hernandez is further entitled to attorneys' fees and costs under 42 U.S.C. § 1988, pre-judgment interest and costs allowable by federal law.

48.   In addition to compensatory, economic, consequential, and special damages, Plaintiff Justina Hernandez is entitled to punitive damages against Defendant Janser under 42 U.S.C. § 1983, in that the actions of Defendant Janser were taken maliciously, willfully,

or with reckless or wanton disregard of Alejandro Hernandez's constitutional rights.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 - Municipal Liability under *Monell*
### *(Against the City of Phoenix Only)*

49.    Plaintiff Justina Hernandez hereby incorporate all allegations contained in the foregoing paragraphs as if they were full set forth herein.

50.    Phoenix PD has a well-documented history of the overuse and abuse of lethal force.

51.    In 2019, Alejandro was one of fifteen people shot by the Phoenix Police Department.[2]

52.    In 2018, Phoenix Police officers initiated a record 44 shootings of civilians, which dwarfed the number of officer-involved shootings in cities of similar size and surpassed the number of officer-involved shootings in major cities such as New York and Los Angeles.[3]

53.    Municipal bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected by the Constitution.

54.    Such municipal liability exists when a city fails to properly train, supervise, or discipline its employees, amounting to a deliberate indifference to a plaintiff's constitutional rights.

55.    At all times relevant hereto, Defendant City of Phoenix had a constitutional

---

[2] Garcia, Uriel,  *After Record High in 2019, Phoenix Police Shootings Fall Dramatically in 2019 Under Public Scrutiny*, AZ Central, Jan. 30, 2020, available at:  https://www.azcentral.com/in-depth/news/local/arizona-investigations/2019/12/30/phoenix-police-shootings-officers-use-of-force-decline-2019-henry-rivera/2612466001/.

[3] Oppel Jr., Richard, *How Phoenix Explains a Rise in Police Violence:  It's the Civilians' Fault*, N.Y. Times, Dec. 10, 2018, available at:    https://www.nytimes.com/2018/12/10/us/phoenix-police-shootings.html; *see also* Burkitt, Bree and Garcia, Uriel, *Phoenix Police Shot At More People Than NYPD Did in 2018. Will That Change?,* AZ Central, updated on Jan. 30, 2020, available at: https://www.azcentral.com/in-depth/news/local/arizona-investigations/2019/06/20/phoenix-police-shootings-outpace-other-major-us-cities/3651151002/.

duty to properly train, supervise, and discipline their employees and agents.

56.    Defendant City of Phoenix breached that duty by, among other things:

(a). failing to adequately train Officer Janser regarding appropriate use of force;

(b). failing to adequately supervise Office Janser in his use of an assault rifle to engage a non-violent, unarmed man; and

(c)  ratifying Officer Janser's use of excessive force by failing to discipline him for his excessive force.

57.    Defendant City of Phoenix also breached its duty to Alejandro Hernandez by fostering and/or creating a culture and department-wide practice of condoning the inappropriate use of force, including lethal force, either explicitly or implicitly.

58.    Defendant City of Phoenix tacitly or overtly sanctioned this policy, pattern, practice, or custom of misconduct, which amounts to a deliberate indifference to Alejandro Hernandez's constitutional rights.

59.    This unconstitutional behavior was carried out pursuant to a policy, pattern or practice, or custom, whether formal or informal, which violates the constitutional rights of Alejandro Hernandez and others in his situation.

60.    The condoning of the misconduct, and failure to end these policies, patterns, practices, or customs, was a direct and proximate cause of Alejandro Hernandez's death, pre-death pain and suffering, and the injuries and damages to Plaintiff Justina Hernandez.

### THIRD CLAIM FOR RELIEF
**Wrongful Death under A.R.S. § 12-612 et seq.**
*(Against the City of Phoenix Only)*

61.    Plaintiff Justina Hernandez hereby incorporates all allegations contained in the foregoing paragraphs as if they were full set forth herein.

62.    All employees of Defendant City of Phoenix, including Defendant Janser, owed Alejandro Hernandez a duty of reasonable care, namely, the duty to act as reasonable

employees of a police department reasonably, under the circumstances, without evincing a reckless disregard for Mr. Hernandez's rights, life, and safety.

63.     The employees of Defendant City of Phoenix, including Defendant Janser, breached their respective duties of reasonable care to Alejandro Hernandez when their gross negligence caused his death.

64.     Reasonable employees of a city or municipality in the respective positions of Defendant Janser and his fellow officers would not have acted in the manner these individuals did.

65.     As a direct and proximate result of the employees acts and omissions, Plaintiff and Alejandro's statutory beneficiaries were injured by and through the loss of her son and suffered damages in an amount to be proven at trial.

66.     As set forth herein, Defendant Janser and other officers were acting within the course and scope of their respective employment as police officers for the City of Phoenix:  they were City of Phoenix employees, performing acts they were authorized to perform; they were on-duty, working in their regular job capacities; and their actions were motivated, at least in part, by a purpose to serve the City of Phoenix.

67.     Because Defendant Janser and the other officers were acting within the course and scope of their respective employment for the City of Phoenix, Defendant City of Phoenix is vicariously liable for the damages caused by this employees' tortious conduct.

68.     In addition to its vicarious liability, the City of Phoenix is also directly liable for gross negligence insofar as Alejandro's death was the product of the City's hiring, training, and supervising practices evinced a reckless disregard for the rights and safety of individuals in Alejandro's position.

/ / /

- 10 -

**FOURTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress—Vicarious Liability**
*(Against Defendant City of Phoenix only)*

69.     Plaintiffs Justina Hernandez, Jose Hernandez, Jose Hernandez, Jr., Anna Hernandez, and Guadalupe Hernandez hereby incorporate by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

70.     As described above, City of Phoenix employees whose identities are currently unknown refused to provide Plaintiffs with any information of Alejandro's situation, thereby depriving Alejandro's family of any knowledge of his situation or the opportunity to see him before he died, until after the media publicly reported Alejandro's death.

71.     The above-described acts and omissions were extreme and outrageous.

72.     An average member of the community would regard the conduct referenced in the foregoing paragraph as atrocious, intolerable in a civilized community, and beyond all possible bounds of human decency.

73.     The above-described conduct of the currently unknown City of Phoenix employees was intentional or reckless insofar as they either intended to cause Plaintiffs emotional distress or were aware of and recklessly disregarded the near certainty that emotional distress would result from their actions and inactions.

74.     The above-described conduct of these currently unknown City of Phoenix employees did cause Plaintiff to suffer emotional distress.

75.     As a direct and proximate result of these actions and inactions Plaintiffs were injured and suffered damages in an amount to be proven at trial.

76.     As set forth herein, these City of Phoenix employees were acting within the course and scope of their employment for the City of Phoenix during the sum of their involvement in this matter:  All such currently unknown City of Phoenix employees were performing acts they were authorized to perform; were on-duty, working in their regular job capacity; and their actions were motivated, at least in part, by a purpose to serve the

City of Phoenix.

77.     Because these currently unknown City of Phoenix employees were acting within the course and scope of their employment for the City of Phoenix, Defendant City of Phoenix is vicariously liable for the damages caused by these employees' tortious conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Justina Hernandez, Jose Hernandez, Jose Hernandez Jr., Anna Hernandez, and Guadalupe Hernandez hereby request that the Court enter judgment against Defendants and issue an award in Plaintiffs' favor as follows:

a.  For damages incurred by Alejandro's survivors and statutory beneficiaries in this matter, in amounts to be proven at trial;

b.  For the damages incurred by Alejandro's estate, including medical expenses, funeral costs and other special damages, in addition to the pain, suffering, and anguish Alejandro suffered prior to his death;

c.  For damages in an amount to compensate Plaintiff fairly and fully for the numerous violations Alejandro Hernandez's constitutional rights;

d.  For punitive damages under 42 U.S.C. § 1983 and as provided for by Arizona law;

e.  For nominal damages as provided for by law;

f.  For prejudgment interest on all liquidated sums;

g.  For attorneys' fees under 42 U.S.C. §§ 1983 and 1988, and as provided for by Arizona law;

h.  For Plaintiffs' costs and other expenses incurred in this action; and

i.  Such other and further relief as the Court deems just.

DATED this 21st day of April, 2020.

THE PEOPLE'S LAW FIRM, PLC

1

645 North 4th Avenue, Suite A
Phoenix, Arizona  85003

2

By: /s/ Stephen D. Benedetto
         Stephen D. Benedetto
         Heather Hamel

3

4

*Attorneys    for    Plaintiffs    Justina
Hernandez,   Jose   Hernandez,   Jose
Hernandez Jr., Anna Hernandez, and
Guadalupe Hernandez*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26