WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justina Hernandez, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>    Defendants. | No. CV-20-00767-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants City of Phoenix ("City") and Trevin Janser's ("Janser") (collectively, "Defendants") Partial Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 20.) For the following reasons, Defendants' Motion is granted in part and denied in part.

**BACKGROUND**

This case arises out of the shooting and killing of Alejandro Hernandez. On April 29, 2019, Alejandro's sister, Plaintiff Anna Hernandez, called the Phoenix Police Department ("Phoenix PD") to her home because Alejandro had violated an order of protection. (Doc. 19 ¶ 20.) Phoenix PD officers later found Alejandro near North 35th Street and Roosevelt Road and called Phoenix Police Officer Janser for backup. *Id.* ¶¶ 23-24. After Janser arrived, Plaintiffs allege that the officers observed Alejandro with a "plastic toy gun" strapped to his shoulder. *Id.* ¶ 27. Janser subsequently shot Alejandro. *Id.* ¶¶ 28–29.

Plaintiffs Justina Hernandez, on her own behalf and as the Personal Representative for the Estate of Decedent Alejandro Hernandez, and Jose Hernandez, Jose Hernandez, Jr., Anna Hernandez, and Guadalupe Hernandez, on their own behalves, (collectively, "Plaintiffs") brought suit against the City and Janser. The Amended Complaint alleges excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 against Janser ("First Claim for Relief") and municipal liability pursuant to 42 U.S.C. § 1983 ("Second Claim for Relief") and intentional infliction of emotional distress ("Fourth Claim for Relief") against the City.[1] After Plaintiffs filed their Amended Complaint, Defendants filed this Motion.[2]

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a

---

[1] In the Third Claim for Relief, the Amended Complaint alleges wrongful death under A.R.S. § 12-612 against the City. In response to Defendants' Partial Motion to Dismiss Plaintiffs' First Amended Complaint, Plaintiff Justina Hernandez voluntarily dismissed the wrongful death claim. (Doc. 26.) The voluntary dismissal does not specify whether it is Justina Hernandez, on behalf of the estate, or Justina Hernandez, on her own behalf, or both dismissing the claim. However, in their response to the motion to dismiss, Plaintiffs state that the only plaintiff asserting the Third Claim for Relief is "Justina Hernandez, the court-appointed Personal Representative of Decedent Alejandro Hernandez's Estate." (Doc. 25 at 4.) Accordingly, the Court dismisses the Third Claim for Relief as to all Plaintiffs as that appears to be Plaintiffs' intent. If this was not the intent of Plaintiffs, Plaintiffs need to so specify to the Court immediately.

[2] The parties dispute whether the Amended Complaint makes it clear that the First and Second Claims for Relief are only brought by Justina Hernandez on behalf of the estate of Alejandro Hernandez. To the extent that these two claims are brought by Justina Hernandez, on her own behalf, Jose Hernandez, Jose Hernandez, Jr., Anna Hernandez, and Guadalupe Hernandez, on their own behalves, those claims are dismissed.

- 2 -

presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Analysis

### a. Municipal Liability

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To establish liability under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [they] w[ere] deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). In pleading a *Monell* claim, a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

A *Monell* claim can be established in one of three ways. *See Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014). One way is when "implementation of [the local government's] official policies or established customs inflicts the constitutional injury." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting *Monell*, 436 U.S. at 708). A policy or custom is generally one adopted and expressly set forth, but "may [also] be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929 (9th Cir. 2001)

(quoting *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992), *abrogated on other grounds as recognized in Beck v. City of Upland*, 527 F.3d 853, 862 n.8 (9th Cir. 2008)).

Here, Plaintiff Justina Hernandez, on behalf of the estate, alleges that "Phoenix PD has a well-documented history of overuse and abuse of lethal force." (Doc. 19 ¶ 53.) Plaintiff refers to several examples of this alleged abuse, such as the shooting and killing of Michelle Cusseaux in 2014 where "a review board staffed partially b[y] non-officer civilians concluded that [the responsible officer] violated department policy" but the officer was "demoted" and "never terminated from employment by the City." *Id.* ¶ 54. Plaintiff alleges that in the ten years leading up to 2019, the City paid over $26 million in settlements for excessive use of force, in 2018 the number of officer-involved shootings by Phoenix PD "dwarfed" the number of officer-involved shootings in cities of similar size, and that, "upon information and belief," the 2018 shootings resulted in multiple lawsuits and the majority of officer-involved shootings in 2018 and 2019 were unconstitutional. *Id.* ¶¶ 60-62. Plaintiff asserts that the City has formed committees at different times to reduce "unconstitutional officer-involved shootings" but that recommendations from those committees have yet to be fully implemented and "partial compliance with these recommendations has not curtailed Phoenix PD's violent use of force in any meaningful way." *Id.* ¶¶ 56–59, 63–64. Additionally, Plaintiff alleges that, by "fostering and/or creating a culture and department-wide practice of condoning the inappropriate use of force[,]" the City was "deliberate[ly] indifferen[t] to Alejandro Hernandez's constitutional rights" and a "direct and proximate cause of Alejandro Hernandez's death." *Id.* ¶¶ 70–73.

Drawing all reasonable inferences in favor of Plaintiff, Plaintiff sufficiently alleges *Monell* liability. Plaintiff's allegations of officer-involved shootings combined with the City's failure to implement recommendations to reduce unconstitutional officer-involved shootings plausibly support Plaintiff's contention that, through its practice of condoning inappropriate use of force, the City was deliberately indifferent to Alejandro's rights and was the moving force behind his death. Accordingly, Defendants' Motion to dismiss

Plaintiff's *Monell* claim is denied.[3]

### b. Intentional Infliction of Emotional Distress

To establish intentional infliction of emotional distress ("IIED") under Arizona law, a plaintiff must demonstrate that (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended the emotional distress or "recklessly disregard[ed] the near certainty that such distress [would] result from his conduct[;]" and (3) severe emotional distress resulted from the defendant's conduct. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987). Arizona has adopted the *Restatement* test for what constitutes extreme and outrageous conduct. *See Johnson v. McDonald*, 197 Ariz. 155, 160, 3 P.3d 1075, 1080 (Ct. App. 1999). The *Restatement* states:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Restatement (Second) of Torts § 46 cmt.d. Courts should not dismiss IIED claims "if reasonable minds could differ about whether the conduct is sufficiently outrageous[.]" *Johnson*, 197 Ariz. at 160, 3 P.3d at 1080.

Plaintiffs argue that Phoenix PD's refusal for an hour to inform the family about the shooting and that Alejandro was transported to the hospital with life threatening injuries constitutes extreme and outrageous conduct. Specifically, Plaintiffs allege that Phoenix PD would not allow Plaintiffs to go to the scene of the shooting or answer questions about what happened, other than to confirm that Alejandro had been shot. (Doc. 19 ¶¶ 33–34.) As a result, Plaintiffs allege they were deprived of the opportunity to spend Alejandro's last moments with him in the hospital and had to find out about Alejandro's death by

---

[3] Defendants also argue Plaintiff fails to state a failure to train claim under *Monell*. (Doc. 20 at 7.) Although Plaintiff alleges facts related to failure to train in the Amended Complaint, Plaintiff only clearly addresses the policy or custom theory in her response to the motion to dismiss. As Plaintiff does not expressly argue the failure to train claim in her response and because the policy or custom theory is sufficient on its own to withstand the motion to dismiss *Monell* liability, at least at this stage, the Court does not address the failure to train.

turning on the local news. *Id.* ¶¶ 36–39. Defendants assert that these allegations fail to constitute extreme or outrageous conduct but have not cited any cases that determine that allegations of failure to notify are insufficient to state a claim of IIED. Absent clear authority to the contrary, the Court concludes that, at least at this stage of the proceedings, the allegations of outrageous conduct are sufficient to survive a motion to dismiss.

Plaintiffs also sufficiently allege the other elements of IIED. Plaintiffs assert that Phoenix PD refused to provide details "despite the fact that they knew" the family desperately wanted information and that the family was "greatly distressed." *Id.* ¶ 35. Because Plaintiffs have alleged sufficient facts to satisfy the notice pleading standard of Rule 8, Defendants' Motion to dismiss Plaintiffs' IIED claim is denied.

### c. Punitive Damages

In their response to Defendants' Motion to Dismiss, Plaintiffs do not address Defendants' argument that punitive damages are not recoverable against the City. Failure to respond to a motion "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i). Accordingly, to the extent Plaintiffs claim punitive damages against the City, their claim is denied.

### CONCLUSION

The Amended Complaint sufficiently alleges municipal liability and IIED. To the extent that the Amended Complaint alleges punitive damages against the City and to the extent that the Plaintiffs, on their own behalves, assert the First and Second Claims for Relief, those claims are denied. The Third Claim for Relief is also dismissed as to all Plaintiffs. Accordingly,

**IT IS THEREFORE ORDERED** that Defendants City of Phoenix and Trevin Janser's Partial Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 20) is **GRANTED** in part and **DENIED** in part as follows:

1. The Amended Complaint's punitive damages claim against the City is dismissed, the First and Second Claims for Relief, brought by the Plaintiffs on their own behalves, are dismissed, and the Third Claim for Relief is dismissed as to all Plaintiffs.

2. The remainder of Defendants' Motion is denied.

Dated this 11th day of January, 2021.

_____
G. Murray Snow
Chief United States District Judge