WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justina Hernandez, et al., | No. CV-20-00767-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Justina Hernandez, Jose Hernandez, Jr., Anna Hernandez, and Guadalupe Hernandez's ("Plaintiffs") Motion to Extend Expert Deadlines (Doc. 51). Also pending before the Court is Defendants City of Phoenix and Trevin Janser's ("Defendants") Motion for Leave to File Amended Answer to Amended Complaint (Doc. 52). For the following reasons, both motions are granted.

## DISCUSSION

**I.     Legal Standard**

**A.     Rule 16**

Where a scheduling order is in place, Rule 16(b) of the Federal Rules of Civil Procedure controls. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Unlike Rule 15(a)'s liberal amendment policy [that] focuses on the bad faith

of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . If [the party seeking to amend] was not diligent, the inquiry should end." *Id.*

### B. Rule 15

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be freely given when "justice so requires." Fed. R. Civ. P. 15(a). But "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Leave to amend lies within "the sound discretion of the trial court"; however, this Circuit has instructed that Rule 15's policy favoring amendment "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The party opposing amendment bears the burden of establishing futility or one of the other permissible reasons for denying a motion to amend. *Angel Jet Servs., L.L.C. v. Raytheon Health Benefits Plan*, No. 10-CV-1385-PHX-JAT, 2011 WL 744917, at *2 (D. Ariz. Feb. 25, 2011).

## II. Defendant's Motion

### A. Good Cause to Modify Scheduling Order

The scheduling order governing this case provides that amended pleadings were due by July 13, 2021. (Doc. 44 at 1.) Defendants seek to amend their answer after the deadline to raise Plaintiffs' noncompliance with Arizona's notice of claim statute as an affirmative defense. (Doc. 52 at 6); Ariz. Rev. Stat. § 12-821.01. They argue good cause exists because they only discovered that they had omitted the affirmative defense on February 10, 2021, and promptly raised the issue with Plaintiffs. (Doc. 52 at 6.) Plaintiffs informed Defendants on February 14, 2022 that they would not stipulate to an amended scheduling order that would allow Defendants to amend their answer, and Defendants filed the instant

motion on February 17. *Id.* Plaintiffs, in turn, argue Defendants cannot show they were diligent because Defendants have been in possession of the relevant notice of claim for over two years, during which period other state law issues were litigated. (Doc. 55 at 6.)

Defendants have shown diligence despite their failure to include the affirmative defense in their original answer. While it is true that "[i]nadvertently omitting an affirmative defense can fairly be described as 'carelessness,'" *Star Envirotech v. Redline Detection, LLC*, No. SACV 12-1861 JGB (DFMx), 2015 WL 12777087, at *2 (C.D. Cal. Apr. 21, 2015) (quoting *Johnson*, 975 F.2d at 609), Defendants acted promptly to rectify their error once it was discovered on February 10. *See Norton v. LVNV Funding, LLC*, No. 18-cv-5051-DMR, 2020 WL 2557003, at *3 (N.D. Cal. May 19, 2020) (noting that promptly moving to modify case management order once affirmative defense was discovered to be omitted weighed in favor of finding diligence). Moreover, fact discovery in this case does not close until June 24, 2022, affording the parties time to conduct additional discovery on this issue should the need arise. (Doc. 44 at 2); *see C.F. v. Capistrano Unified School Dist.*, 656 F. Supp. 2d 1190, 1193–98 (C.D. Cal. 2009) (finding good cause to modify scheduling order to permit filing of amended answer when doing so would not disrupt case management deadlines or "infringe[ ] on the efficient adjudication of the action"). And as the newly raised affirmative defense challenges the sufficiency of Plaintiffs' notice of claim, any additional discovery burden would likely be minor: Both parties are in possession of the document, and Defendants appear to challenge its sufficiency as a matter of law rather than fact as it pertains to three Plaintiffs. Therefore, the Court finds good cause to modify the scheduling order exists.

### B. Leave to Amend Answer

The Court grants leave to amend as it finds doing so is in the interest of justice, and none of the factors counseling against granting leave apply in this case. As discovery is still ongoing and an additional affirmative defense challenging the adequacy of Plaintiffs' notice of claim is unlikely to require substantial factual investigation, Plaintiffs will not be prejudiced by the filing of an amended answer at this time. For the same reasons, it appears

unlikely that permitting amendment will produce an undue delay in the litigation, as amendment will not impact the deadlines in the scheduling order. Therefore, the Court grants Defendants leave to file an amended answer that raises an affirmative defense pertaining to Arizona's notice of claim statute.[1]

### III. Plaintiffs' Motion

Plaintiffs seek to modify the scheduling order to extend the expert disclosure deadlines in this case. (Doc. 51.) Under the current scheduling order, Plaintiffs' expert disclosure was due on February 18, 2022; Defendants' expert disclosure is due on April 22, 2022; and Plaintiffs' rebuttal disclosure is due on May 20, 2022. (Doc. 44 at 2.) Plaintiffs argue good cause exists because their discovery efforts were impacted by staffing shortages at their counsel's firm. (Doc. 51 at 2.) Plaintiffs represent that they had reached an agreement with Defendants to stipulate to extend all remaining case management deadlines by sixty days, but that Defendants withdrew their consent when Plaintiffs refused to allow Defendants to amend their answer. (Doc. 51 at 3.) In reliance on their since-abandoned agreement, Plaintiffs informed their retained expert that he had an additional sixty days to complete his report. *Id.* Defendants have no objection to Plaintiffs' request to extend the expert disclosure deadlines provided they may file their amended answer. (Doc. 53 at 5.)

As Defendants are permitted to file their amended answer (and therefore have no objection to Plaintiffs' motion), the Court finds good cause exists to modify the scheduling order on a limited basis, as set forth below.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Extend Expert Deadlines (Doc. 51) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Amended Answer to Amended Complaint (Doc. 52) is **GRANTED.**

---

[1] Plaintiffs did not argue that amendment would be futile or that Defendants have acted in bad faith in proposing their amendment.

**IT IS FURTHER ORDERED** that the deadlines set forth in the Case Management Order (Doc. 44) are extended as follows:

| Event | Current Deadline | Amended Deadline |
| --- | --- | --- |
| Deadline to file Amended Answer | July 13, 2021 | April 18, 2022 |
| Plaintiff Disclosure of Experts | February 18, 2022 | April 22, 2022 |
| Defendant Disclosure of Experts | April 22, 2022 | June 24, 2022 |
| Disclosure of Rebuttal Experts | May 20, 2022 | July 22, 2022 |
| Expert depositions | June 24, 2022 | August 26, 2022 |
| Pre-motion Letters | July 1, 2022 | September 2, 2022 |
| Dispositive motions | July 22, 2022 | September 23, 2022 |

**IT IS FURTHER ORDERED** that all other deadlines and case management procedures as identified in this Court's May 14, 2021 Case Management Order (Doc. 44) shall remain in full force and effect.

Dated this 4th day of April, 2022.

_____
G. Murray Snow
Chief United States District Judge